UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY GLICK,<br><br>        Plaintiff,<br><br>    v.<br><br>PERFORMANT FINANCIAL CORPORATION,<br><br>        Defendant. | Case No. 16-cv-05461-JST<br><br>**ORDER DENYING MOTION TO STAY**<br><br>Re: ECF No. 35 |

Before the Court is Defendant Performant Financial Corporation's ("Defendant") Motion to Stay. ECF No. 35. The Court will deny the motion.

**I.     BACKGROUND**

Plaintiff Timothy Glick ("Plaintiff") filed a purported class action against Defendant on September 23, 2016 for violations of the Telephone Consumer Protection Act ("TCPA"). The TCPA prohibits companies from using an "automatic telephone dialing system ('ATDS')" when making calls to cellular phones. ECF No. 1 ¶ 9. The complaint alleges that Defendant is a debt collector which places "autodialed calls to cellular telephone subscribers (a) who had recycled (or reassigned) cellular telephone numbers who have not expressly consented to receiving such calls and/or (b) who have expressly requested not to receive such calls," in violation of the TCPA and its regulations. Id. ¶ 9-10.

On January 27, 2017, Defendant filed this motion to stay pending the D.C. Circuit's decision in ACA Int'l v. Fed. Commc'ns Comm'n, No. 15-1211 (D.C. Cir. 2015) and the Ninth Circuit's decision in Marks v. Crunch San Diego, LLC, No. 14-56834 (9th Cir. 2014), which has been stayed pending a decision in ACA International. The pivotal issue in both appeals is the statutory definition of an ATDS. ECF No. 35 at 2. The TCPA defines an ATDS as "equipment

which has the capacity -- (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). In a 2015 order, the FCC held that the "TCPA's use of 'capacity' does not exempt equipment that lacks the 'present ability' to dial randomly or sequentially," and that "the capacity of an autodialer . . . also includes its potential functionalities." See In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991, 30 F.C.C. Rcd. 7961, 7974 (July 10, 2015) ("2015 Order"). The D.C. Circuit is reviewing this definition from the 2015 Order.

Defendant also believes a stay is necessary pending the resolution of a Petition for Reconsideration ("Petition") before the FCC regarding an FCC order published on August 11, 2016. ECF No. 35 at 3. The FCC ruled that the "maximum number of telephone calls that may be made to a debtor is (A) three telephone calls within a thirty day period and (B) zero telephone calls following a request by the debtor for no further telephone calls." In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 31 F.C.C. Rcd. 9074, 9104 (2016). The Petition was filed on December 16, 2016, ECF No. 36-4 at 2, and remains pending. The Petition asks the FCC to reconsider whether calls to wrong numbers or reassigned numbers are part of this three call limit. ECF No. 36-4 at 17-18. The Petition addresses several issues, but Defendant states the "exemption status of calls made solely to collect a federal student loan" is most relevant in this case. ECF No. 35 at 7-8.

## II.     LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). The court must use sound discretion when deciding whether to grant a stay, and consider such factors as "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1965) (citing Landis, 299 U.S. at 254-55). "A stay should not be granted unless it appears likely the other proceedings will

2

be concluded within a reasonable time in relation to the urgency of the claims presented to the court." Leyva v. Certified Grocers of Cal., Ltd., 593 F.2d 857, 864 (9th Cir. 1979). The moving party has the burden to show that a stay is appropriate. See Clinton v. Jones, 520 U.S. 681, 708 (1997).

### III.    DISCUSSION

Defendant argues that the case should be stayed because ACA International, Marks, and the FCC Petition will be dispositive of Plaintiff's lawsuit. ECF No. 35 at 2-3. Specifically, the effect these actions could be to extinguish Plaintiff's claims if the D.C. Circuit decides to reverse the FCC 2015 Order and construe the definition of ATDS in Defendant's favor—that is, if it narrows the class of dialing systems to include only systems whose current configuration can make autodialed calls. ECF No. 35 at 5. The Petition could also moot Plaintiff's claims if the FCC overturns its rule that calls to reassigned numbers are not exempted. Id. at 8. Defendant therefore argues a stay would conserve judicial resources, "promote the orderly course of justice," and prevent harm to Defendant from having to litigate claims that may later be denied. Id. at 5-6.

The Court disagrees that a stay is justified. First, Defendant's assertion that ACA International, Marks, and the Petition will entirely moot Plaintiff's claims and preclude the need for discovery is speculative. Defendant will still be required to produce discovery to settle the factual disputes regarding its autodialing technology no matter the results from the appeals or the Petition. See Lathrop v. Uber Techs., Inc., No. 14-cv-05678-JST, 2016 WL 97511, at *4 (N.D. Cal. Jan. 8, 2016) ("[A]lthough the decision in ACA International may vacate portions of the 2015 FCC Order, discovery in this case will be required regardless of the outcome in that one."). Second, the resolution of ACA International does not mark the final disposition of the issues on appeal. The losing party will likely appeal the D.C. Court's decision, further delaying these proceedings until the issues are finally decided by the U.S. Supreme Court. This Court previously held that it is impossible to forecast when a decision in ACA International will be rendered. See Lathrop, 2016 WL 97511, at *4. This is as true today as it was when the Court held so over one year ago; oral arguments were heard in ACA International on October 19, 2016, and the D.C. Circuit has not yet issued a decision. ECF No. 38 at 3, n.2. Finally, discovery has not yet started

and staying the case would severely prejudice the Plaintiff. Cabiness v. Educ. Fin. Solutions, LLC, No. 16-cv-01109-JST, 2017 WL 167678, at *3 (N.D. Cal. Jan. 17, 2017) ("[P]assage of time will make it more difficult to reach the class members and will increase the likelihood that relevant evidence will dissipate."). It far from guaranteed that a final result in ACA International is imminently forthcoming, and an extended stay would prejudice the Plaintiff.

Defendant has not clearly established that it would face hardship or inequity if required to move forward. The fact that waiting for the outcome of the appeals and Petition might save Defendant the costs of further litigation does not satisfy this requirement. See Lockyer v. Mirant Corp., 398 F.3d 1098, 1112 (9th Cir. 2005) ("[B]eing required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity'. . . ."). In any case, as noted above, Defendant will have to produce some discovery regardless of the outcome of the appeals or Petition.

If the appeals or Petition subsequently create changes to the law favorable to Defendant, Defendant is free to file a motion for reconsideration pursuant to Local Rule 7-9.

## CONCLUSION

Performant has not met its burden of showing that circumstances weigh in favor of staying the case. The Court denies the request for a stay pending a decision in ACA International, Marks, or the FCC Petition for Reconsideration.

IT IS SO ORDERED.

Dated: February 27, 2017

_____
JON S. TIGAR
United States District Judge